FILED
2005 Feb-01 PM 06:03
U.S. DISTRICT COURT
N.D. OF ALABAMA

# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF ALABAMA
# SOUTHERN DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA ) | |
| ) | |
| v.   ) | CR NO. 04-J-290-S |
| ) | |
| TERRY DENNIS ) | |

## MEMORANDUM OPINION

This matter is before the court on defendant Terry Dennis' motion to suppress evidence that was obtained through a court-ordered wiretap. (Doc. 105). The defendant alleges, in very general terms, in the motion that any seized evidence was illegally obtained. (*Id*.). With regard to recorded conversations, he asserts that his right of privacy was violated. (*Id*.). At the pretrial conference before the magistrate judge assigned this case, the defendant's counsel asserted, again in general terms, that the application and order for electronic surveillance were not supported by probable cause. (Doc. 228 at 1). Upon consideration, and as stated herein, the motion is due to be denied.

## BACKGROUND

On December 17, 2004, the magistrate judge assigned this case entered a report and recommendation finding that the motion was due to be denied. (Doc. 228). The magistrate judge found that the application for a court-ordered wiretap was supported by the requisite probable cause. (*Id*. at 6). The defendant's counsel

timely filed his objections to the report and recommendation. Therein, he specifically asserts the affidavit of DEA Task Force Agent John M. Walker deficient because it is (1) "based largely and predominantly on Agent Walker's second-hand knowledge and not from any of his direct observation[s] and perceptions;" (2) "[t]here are no corroborating facts which support and lend credibility to [the conclusions];" (3) "[t]here is no statement showing 'veracity' and the 'basis of knowledge' of persons supplying hearsay information;" and, (4) the information concerning defendant Dennis is "stale." (Doc. 238).

## DISCUSSION

The court has considered the entire file in this action together with the "Magistrate Judge's Report and Recommendation" and the objections of the defendant and has reached an independent conclusion that the "Magistrate Judge's Report and Recommendation" is due to be adopted and approved.

First, with regard to the argument that the information is "based largely and predominantly on Agent Walker's second-hand knowledge and not from any of his direct observation[s] and perceptions," the court finds this assertion does not invalidate the probable cause articulated in the application and affidavit. The affidavit clearly attributes the information to other individuals when appropriate. Additionally, when read in context, it is clear that the individuals providing the

information personally experienced and observed the matters referenced.  For instance, Kwanza Tamper describes meeting with defendant Dennis in November 2000 and how he observed and participated in a drug transaction with Dennis. (Walker Aff. at ¶ 18).  In the same paragraph of the affidavit, Walker describes other transactions involving Tamper and Dennis that Tamper told him about.  (*Id*.). Nothing precludes the court's consideration of hearsay evidence in support of a wiretap application.  This claim is without merit.

Second, with regard to the argument that "[t]here are no corroborating facts which support and lend credibility to [the conclusions]," the court finds this claim is also without merit.  The information provided was not conclusory.  It was specific and detailed, and each confidential source tended to corroborate the information provided by the other individuals.  Additionally, certain information was corroborated by agent surveillance and recorded conversations involving target Robert Harris.  (*See Id*. at ¶¶ 39, 41-44, 45-47, 49-55, 73-77).  Still further, toll records supported the finding that the target phone was being used for drug trafficking.  (*See Id*. at ¶¶ 66-68).

Third, with regard to the argument that "[t]here is no statement showing 'veracity' and the 'basis of knowledge' of persons supplying hearsay information,"

3

the court finds otherwise. For instance, the affidavit indicates that Tamper was incarcerated at the time he was cooperating and that he was anticipating judicial consideration of his cooperation. (*Id*. at ¶ 15). There are similar statements concerning the confidential sources. (*Id*. at ¶¶ 21, 27, 56, 63). Additionally, the affidavit states that Tamper actually witnessed Dennis' involvement in drug transactions. (*Id*. at ¶ 17). Similarly, the information from the confidential sources demonstrates that they observed and participated in the drug transactions alleged. (*See e.g.*, *Id*. at ¶¶ 23, 31-32, 36-39).

Fourth, with regard to the argument that the information in the affidavit concerning defendant Dennis is "stale," the court again finds otherwise. Initially, the court notes that the relevant issue is whether the United States has demonstrated, *inter alia*, probable cause that "an individual," not necessarily Dennis, is committing, has committed, or is about to commit an offense and that the telephone at issue is being used, or about to be used, in connection with the offense. 18 U.S.C. § 2518(3)(a) & (d).[1] In *Domme*, the court stated

---

[1] In *United States v. Domme*, 753 F.2d 950, 954 n.2 (11th Cir. 1985), the Eleventh Circuit Court of Appeals stated that an

> application need not provide probable cause of criminal activity for each person named in an application, or even every resident of the place where the wiretap is sought. *United States v. Martin*, 599 F.2d 880, 884-85 (9th Cir.), *cert. denied*, 441 U.S. 962, 99 S. Ct. 2408, 60 L. Ed. 2d 1067 (1979). What is required is sufficient information so that a judge could find probable cause to believe that the telephone in question is being used in an illegal operation. *See* [*United States v.*] *Tehfe*, 722 F.2d 1114, 1118 (3d Cir. 1983); [*United States v.*] *Hyde*, 574 F.2d at 856, 862 (5th Cir. 1978).

>Although staleness is an issue that courts must decide by evaluating the facts of a particular case, *Bascaro*, 742 F.2d at 1345, we are not without guidance in making this determination. The length of time between the date on which all of the facts supporting probable cause were known and the date the warrant was issued is only one factor. Probable cause is not determined merely by counting the number of days between the facts relied upon and the warrant's issuance. *United States v. Rahn*, 511 F.2d 290, 292 (10th Cir.), *cert. denied*, 423 U.S. 825, 96 S. Ct. 41, 46 L. Ed. 2d 42 (1975). Rather, the probable cause standard is a practical, nontechnical one. *See Illinois v. Gates*, 462 U.S. 213, 103 S. Ct. 2317, 2328, 76 L. Ed. 2d 527 (1983). When criminal activity is protracted and continuous, it is more likely that the passage of time will not dissipate probable cause. *Tehfe*, 722 F.2d at 1119. In such circumstances, it is reasonable to assume that the activity has continued beyond the last dates mentioned in the affidavit, and may still be continuing. Time becomes less significant in the wiretap context, because the evidence sought to be seized is not a tangible object easily destroyed or removed. *Hyde*, 574 F.2d at 865. Therefore, when police describe telephone activity occurring over an extended period of time, the stale information issue should be construed less rigorously. *Bascaro*, 742 F.2d at 1346; *Tehfe*, 722 F.2d at 1119; *United States v. Martino*, 664 F.2d 860, 867 (2d Cir. 1981), *cert. denied*, 458 U.S. 1110, 102 S. Ct. 3493, 73 L. Ed. 2d 1373 (1982); *United States v. Weinrich*, 586 F.2d 481, 491-92 (5th Cir. 1978); *Hyde*, 574 F.2d at 865; *United States v. Johnson*, 461 F.2d 285, 287 (10th Cir. 1972).

*Domme*, 753 F.2d at 953.

The information articulated in the affidavit in support of the application in this case shows that the criminal activity was protracted and continuous. It had been ongoing for years. Nothing before the court suggests that the conduct ceased or diminished. The fact that the most recent information regarding defendant

Dennis was the Summer of 2003, one year before the wiretap application, does not change the result. To the contrary, the information provided by Confidential Source # 3 was that approximately four years ago (2000), "Dennis felt that he was under investigation by law enforcement. As a result, Dennis changed the way that he operated his drug trafficking organization by shifting all of the cocaine distribution responsibilities to Harris. CS # 3 described the relationship between Dennis and Harris by stating that Dennis 'never touches the dope,' and that Harris 'sells all the cocaine' for Dennis." (Aff. at ¶ 58). In the Summer of 2003, Harris "told CS # 3 that he did not have any cocaine, and that he (Harris) was 'waiting on Terry's people.' CS # 3 understood Harris' statement to mean that he (Harris) was waiting for 'Terry' (Dennis) to be resupplied with cocaine." (*Id*. at ¶ 59). This shows that the relationship between Harris and Dennis was continuing and that Dennis was acting consistent with his concern voiced three years earlier in 2000.

## CONCLUSION

The court hereby adopts and approves the findings and recommendations of the magistrate judge as the findings and conclusions of the court. To the extent that counsel raises new, specific challenges to the probable cause determination, the court finds them to be without merit. In accord with the recommendation, the court finds that the motion to suppress the evidence derived from the electronic

surveillance is due to be denied. An appropriate order will be entered.

**DONE**, this 1st day of February, 2005.

------

INGE PRYTZ JOHNSON
U.S. DISTRICT JUDGE